UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | |
| STEVEN DUONG,<br>    Defendant. | : | |
| IN RE: | : | |
| 2004 Lexus LS 430 Sedan and<br>$26,754 in U.S. Currency | : | CRIMINAL NO.<br>3:10-cr-9 (VLB) |
| LUCKY NGUYEN,<br>    Third Party Petitioner. | : | June 10, 2011 |

## MEMORANDUM OF DECISION DENYING AMENDED PETITION OF THIRD PARTY ASSERTING LEGAL INTEREST IN FORFEITED PROPERTY [Doc. #68]

This matter is before the Court on the Amended Petition of Third Party Lucky Nguyen (hereinafter "Nguyen"), who asserts his legal interest in property forfeited to the United States Government in the matter of *United States v. Steven Duong*, 3:10-cr-9 (VLB), pursuant to 21 U.S.C. § 853(n). On May 27, 2011, the Court held a hearing on the Amended Petition, during which both Nguyen and the Government presented testimonial as well as documentary evidence. For the following reasons, Nguyen's Amended Petition is DENIED in its entirety.

*I. BACKGROUND*

On February 3, 2011, the defendant, Steven Duong (hereinafter "Duong"), pleaded guilty to Count One of the Indictment, charging him with Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(D), and to Count Two of the Indictment, charging him with Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A). Pursuant to a plea agreement with the Government, Duong agreed to forfeit his interest in the following criminally forfeited items and funds: a silver 2004 Lexus LS Sedan bearing VIN number JTHBN36F940171826 (hereinafter the "Lexus"), and $26,754 in United States Currency seized from 22 Lincoln Avenue, New London, Connecticut, on October 30, 2009 (hereinafter the "Currency"). On February 8, 2011, the Court entered a Preliminary Order of Forfeiture ordering all right, title and interest that Duong may have in the Lexus and Currency condemned and forfeited to the United States Government. *See* [Doc. #57]. The preliminary forfeiture order further directed the Government, pursuant to 21 U.S.C. § 853(n), to publish notice of the forfeiture and to provide written notice to potential claimants with standing to contest the forfeiture. Duong was ultimately sentenced to a term of 36 months imprisonment on Count One, and 60 months imprisonment on Count Two, to run concurrently.

On March 17, 2011, Nguyen filed a Third Party Petition in this matter, asserting a claim that the Lexus and $12,495.38 of the Currency belong to him. *See* [Doc. #61]. On April 20, 2011, the Government moved to dismiss the Petition on the basis that it failed to meet the requirements of 21 U.S.C. § 853(n) because it was not signed by the petitioner under penalty of perjury, because none of the Currency was seized from Nguyen's home at 20 Lincoln Avenue, and because Nguyen submitted only a temporary motor vehicle registration in support of his claim of ownership of the Lexus. *See* [Doc. #66]. On April 27, 2011, Nguyen filed

an Amended Petition remedying the defects identified in the Government's Motion to Dismiss. See [Doc. #68]. Accordingly, the Government's Motion to Dismiss was rendered moot.

On May 27, 2011, the Court held a hearing on Nguyen's Amended Petition, during which both parties presented testimonial as well as documentary evidence. Nguyen and his daughter, Elizabeth Nguyen (hereinafter "Elizabeth"), testified in support of his claim of ownership of the Lexus and a portion of the Currency. Two law enforcement officers who were involved in the investigation, Daniel Prather (hereinafter "Prather") and Brian Laurie (hereinafter "Laurie"), testified for the Government. The previous owner of the Lexus, Hutchin Stone (hereinafter "Stone"), also testified for the Government.

## II. FINDINGS OF FACT

The Court makes the following findings of fact based upon the evidence presented at the May 27, 2011 hearing as well as evidence in the record in Duong's criminal case. See 21 U.S.C. § 853(n)(5) ("In addition to testimony and evidence presented at the hearing, the court shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture.").

Nguyen is the father of Duong's former fiancee, Elizabeth. The Presentence Investigation Report (hereinafter the "PSR") prepared in connection with Duong's criminal matter revealed that Duong was in a relationship with Elizabeth for eleven years. See PSR ¶ 66. At the time of his arrest, Duong was residing at 20-22 Lincoln Avenue in New London, Connecticut. Testimony presented during the hearing established that 20-22 Lincoln Avenue is a duplex

3

home owned by Nguyen's wife, Tuyen Vu (hereinafter "Vu"). Although the duplex has two different addresses, the facts in the record demonstrate that the property has been converted from two separate residences into a single residence. There is no locking door separating 20 Lincoln Avenue from 22 Lincoln Avenue. Further, there is an opening in the wall in the second floor hallway approximately 6 to 8 feet wide, significantly larger than a standard door, which allows free travel between the two sides of the residence. The units also share a common front porch. Duong lived in the 22 Lincoln Avenue side of the duplex along with Elizabeth, with whom he shared a bedroom. Elizabeth's sister also resided in a separate bedroom on the 22 Lincoln Avenue side. Elizabeth testified that her sister previously lived on the 20 Lincoln Avenue side of the residence, but that Vu directed her to move into a bedroom on the 22 Lincoln Avenue side in order to make room for the child's nanny. Nguyen lived on the 20 Lincoln Avenue of the duplex along with his wife Vu, two workers from Vu's nail salon business, his daughter's child, and the child's nanny.

On the basis of an investigation into Duong's drug dealing activities, law enforcement officers applied for and obtained a search and seizure warrant for Duong's address at 22 Lincoln Avenue. PSR ¶ 10. Prior to executing the search warrant, the officers had not been aware that the duplex at 20-22 Lincoln Avenue had been converted from two separate residences into a single residence by removing the door located on the second floor. On October 30, 2009, officers executed the search warrant, at which time they discovered Duong in his bedroom as he was attempting to throw a loaded .40 caliber pistol out of the

window. *Id.* ¶ 11. In addition to the loaded firearm, officers also located and seized approximately 13.7 grams of marijuana, scales, heat sealing bags, drug ledgers, and $26,754 in cash. *Id.* ¶ 12. Officers further noted that the residence had a high-tech security system with closed circuit cameras focused on the front and rear doors of the house. *Id.* The camera was a non-recording live feed camera suitable for screening but not documenting visitors. Officer Brian Laurie, who participated in the seizure, testified that the cash was discovered in various increments at different places inside 22 Lincoln Avenue, including Duong's bedroom. The marijuana and drug paraphernalia seized by law enforcement was also found in Duong's bedroom as well as in common areas of 22 Lincoln Avenue. Although officers conducted a sweep of 20 Lincoln Avenue, no evidence was seized from that side of the residence.

Also present on the street outside of 20-22 Lincoln Avenue at the time of Duong's arrest was the Lexus that is the subject of this proceeding. Duong readily admitted, both in a post-arrest interview with law enforcement officers as well as in open court during the course of his criminal proceeding, that for a period of approximately two years he traveled to Boston, Massachusetts on average once per week, and sometimes multiple times per week, to purchase three pounds of marijuana that he then resold in Connecticut. PSR ¶ 13. Duong further admitted to using the Lexus to transport the marijuana, and admitted that the money located in his residence was the proceeds of drug sales. *Id.* The Court takes judicial notice of the fact that New London, Connecticut is approximately 112 miles from Boston, Massachusetts. Thus, conservatively

5

Duong admitted driving the Lexus nearly 900 miles each month during his drug runs.

Duong has a lengthy criminal history, having been convicted on nine occasions prior to the offense giving rise to this case, in addition to having several juvenile adjudications. *See* PSR ¶¶ 35-52. His history includes three prior convictions for possession of marijuana. *Id.* During a 2002 arrest which ultimately resulted in a conviction for possession of marijuana, Duong was arrested in New London, Connecticut while sitting in his vehicle at a McDonald's restaurant after police received a report that an individual matching Duong's description had brandished a firearm at several men and then drove off. *Id.* ¶ 40. According to records of the incident, Elizabeth was present in the vehicle at the time of the arrest. *Id.* After Duong consented to a search, officers found 9.23 ounces of marijuana, cash, and jewelry. *Id.* Duong admitted that he planned to sell the marijuana.

*Testimony Relating to the Lexus*

It is undisputed that Nguyen holds the title to the Lexus, and that the Lexus is registered in his name. *See* Am. Petition, [Doc. #68], Exhs. B-D; Nguyen Exhs. 2-3. Nguyen and Elizabeth testified that the vehicle was purchased for Nguyen by his wife, Vu, as a gift for their thirty-fifth wedding anniversary. Elizabeth stated that Duong negotiated the purchase of the Lexus because he "knew about cars." This testimony was confirmed by Stone, the former owner of the Lexus, who was called as a witness for the Government. Stone testified that, in the summer of 2009, Duong contacted him to inquire about purchasing the Lexus in response to

6

an advertisement he had posted. Duong visited Stone's residence in New Hampshire to inspect the vehicle. Following the inspection, the two men negotiated the price of the Lexus, with Duong ultimately agreeing to purchase the Lexus for $28,000. Duong and Elizabeth thereafter traveled to Stone's residence on two more occasions to pay for the Lexus. Duong paid an initial deposit of $8,000 in cash, which Elizabeth claimed came from her mother's savings account. On the second trip, Duong paid Stone the balance of $20,000 with a cashier's check from Vu's bank account. *See* Nguyen Exh. 1. The check is dated July 10, 2009. *Id.* Elizabeth claimed that her and Duong then drove the Lexus to her mother's nail salon and surprised their father with it. By contrast, Nguyen testified that Duong and Elizabeth surprised him with the Lexus at his residence at 20 Lincoln Avenue. Stone testified that he never had any interaction with Nguyen or Vu.

Although Nguyen contends that he is the true owner of the Lexus, both he and his daughter testified that he drove the vehicle rarely, only on "special occasions." They both admitted that Duong regularly drove the Lexus. Further, although Nguyen testified that Duong needed his permission to drive the Lexus, both he and Elizabeth also admitted that Nguyen and his family members left the keys to their vehicles on the fireplace at 20 Lincoln Avenue and that Duong took the keys and drove the Lexus whenever he needed it. In fact, Duong did not own a vehicle in 2008 or 2009. Nguyen also admitted that Duong took the vehicle to be serviced when needed, and that he himself did not even know where the Lexus

7

was serviced. According to Nguyen, he had Duong take the vehicle for servicing because Duong speaks better English than he does.

Nguyen testified that he was not aware that Duong was a drug dealer, and that he would not have permitted Duong to use his car if had known that Duong sold drugs. He did, however, admit that he knew that Duong used drugs, and that Duong had been arrested for drug possession. Elizabeth likewise claimed ignorance of Duong's drug dealing activities. As noted previously, however, Duong was selling drugs out of the residence he shared with Elizabeth, and Elizabeth was present in 2002 when Duong was arrested with more than 9 ounces of marijuana in his vehicle, an amount exceeding that customarily possessed for personal use and which Duong admitted he intended to sell. Like Nguyen, Elizabeth admitted knowing that Duong smoked marijuana, but denied having ever actually seen him do it. Instead, she claimed that she could tell he smoked marijuana based upon the odor and the way he looked.

The Government's law enforcement witnesses testified that, in addition to the Lexus which is the subject of this forfeiture proceeding, Duong was previously observed driving a black Lexus. The black Lexus was also registered to Nguyen, but driven regularly by Duong. As with the silver Lexus, Duong was the person who took the black Lexus for servicing, as evidenced by several service records for the black Lexus the Government introduced into evidence that were signed by Duong. *See* Gov't. Exh. 1. Duong was seen driving the black Lexus in 2009 and prior, before he purchased the silver Lexus which was allegedly a gift for Nguyen. In addition to Duong, law enforcement officers also

observed another individual, Richard Rowell, driving the black Lexus on numerous occasions. Rowell is a convicted drug dealer. Elizabeth admitted that Duong gave the keys to the black Lexus to Rowell. She further admitted that after Rowell was arrested in October 2009, she went to his house in Norwich, Connecticut to retrieve the black Lexus. Elizabeth claimed that Rowell wanted to purchase the black Lexus and that he gave Duong $1,000 toward the purchase, which Duong allegedly gave to Nguyen. However, Nguyen had to return the money because Rowell could not pay the balance. When she retrieved the Lexus, it was inoperable and needed substantial repairs. After a mechanic fixed the car, Elizabeth claimed, the car was sold to an individual in Boston, Massachusetts.

*Testimony Relating to the Currency*

With respect to the Currency, Nguyen testified that he left $5,000 with his daughter Elizabeth when he and his wife traveled to Vietnam in the fall of 2009 for approximately six to seven weeks. Nguyen was unable to recall exactly when he left for Vietnam, but he was allegedly in Vietnam at the time that the police raided 22 Lincoln Avenue. As evidence of his trip, Nguyen offered boarding passes for himself and his wife for a November 5, 2009 flight from Seoul, South Korea to New York City. Nguyen Exh. 4. According to Nguyen, they had to travel to Seoul for a connecting flight because there were no direct flights from Vietnam to the United States available. Nguyen claimed that he left the $5,000 because he felt unsafe carrying large amounts of cash in Vietnam, and therefore planned to have Elizabeth send him cash via Western Union when he needed it. During the trip, he supposedly had Elizabeth send him $1,200 on one occasion. Elizabeth

9

corroborated her father's testimony, claiming that she sent him $1,200 while he was in Vietnam, leaving her with $3,800 from the $5,000 that he left for her. Elizabeth stated that she kept the cash in her make-up table in the bedroom that she shared with Duong. That money was seized during the police raid in October 2009, along with the remaining cash found in various locations at 22 Lincoln Avenue. Officer Laurie, who was present during the search of 22 Lincoln Avenue, testified that police discovered $3,800 in Duong's bedroom segregated from the remaining cash. He was unable to recall specifically where within the bedroom the $3,800 was found.

Nguyen further testified that, as is common in his culture, he regularly stored large amounts of cash in his home, which he earned through the nail salon business owned by his wife that he helped to operate. However, neither Nguyen nor Elizabeth specifically testified that any of the remaining cash seized by the police from 22 Lincoln Avenue belonged to Nguyen. As noted previously, no evidence was seized from the 20 Lincoln Avenue side of the residence where Nguyen resided.

Elizabeth did claim, however, that when police raided the residence in October 2009, her sister, believing that the house was being robbed, threw a blue laundry bag containing cash into her and Duong's bedroom. Elizabeth claimed that her sister threw the bag into her room because Duong was the only man in the house at the time, and she hoped that he would be able to protect the money from being stolen. In fact, Officer Laurie testified that police did discover and seize $8,695 from a blue laundry bag in Duong's bedroom. The Government also

10

introduced into evidence photographs taken by police during the raid, including a photograph of Duong's bedroom in which the blue laundry bag is clearly displayed. *See* Gov't. Exh. 5. Laurie testified that police photographed the evidence in the bedroom, as well as all other evidence, the way it was discovered and without disturbing it. In the photograph, the blue laundry bag is located a couple of feet from the bedroom door and is neatly placed with the top folded over in front of a stand and next to another laundry bag which appears to contain laundry. Nguyen's sister did not testify at the hearing, and has not claimed an interest in any of the property that is the subject of this proceeding.

## *II. LEGAL STANDARD*

Following entry of a preliminary forfeiture order, a third party asserting an interest in the property subject to forfeiture may petition the Court for a hearing to adjudicate his alleged interest. 21 U.S.C. § 853(n)(2). The claimant bears the burden of proof at the hearing, and must establish his interest in the property by a preponderance of the evidence. *Id.* § 853(n)(4); *see also Pacheco v. Serendesky,* 393 F.3d 348, 351 (2d Cir. 2004). Specifically, the petitioner must demonstrate that:

> (A) [he] has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of acts which gave rise to the forfeiture of the property under this section; or
>
> (B) [he] is a bona fide purchaser for valid of the right, title, or interest in the property at was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section[.]

21 U.S.C. § 853(n)(6)(A)-(B). If the petitioner establishes his interest in the property by a preponderance of the evidence, the forfeiture order must be amended to exempt the qualifying interest. *See United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008). However, if the property is found to belong to the defendant, the order forfeiting the property to the Government is valid and becomes final. *See* 21 U.S.C. § 853(n)(7).

Nguyen states in his pre-hearing memorandum [Doc. #76] that he is entitled to assert an innocent owner defense pursuant to 18 U.S.C. § 983(d), the federal statute governing civil forfeiture proceedings. However, as several courts have noted, the innocent owner defense may not be relied upon as a defense to a criminal forfeiture action. *See, e.g.*, *United States v. Corey*, No. 3:04CR349(EBB), 2006 WL 1281824, at *9 n.12 (D. Conn. May 9, 2006); *United States v. Bennett*, No. S197CR639(SAS), 2004 WL 736928, at *3 n.5 (S.D.N.Y. Apr. 5, 2004). Therefore, the innocent owner analysis is inapplicable here.

### III. DISCUSSION

#### A. Lexus

First, Nguyen asserts a 100% ownership interest in the Lexus. *See* [Doc. #68].

It is undisputed that the title and registration to the Lexus are in Nguyen's name. At the hearing, Nguyen and his daughter, Elizabeth, testified that the Lexus was purchased for Nguyen by his wife as a gift for their thirty-fifth wedding anniversary. The vehicle was paid for in two installments - an initial installment of $8,000 in cash, which Elizabeth claimed came from her mother Tuyen Vu's

savings accounts, and a second installment of $20,000 paid for by bank check from Vu's account.  However, Duong was the person who made an inquiry about the Lexus with the previous owner, inspected the vehicle, negotiated the sale price, delivered the funds, and picked up the vehicle.  Duong was also the primary driver of the Lexus, and the person who took the vehicle for repairs.  Nguyen admitted to driving the Lexus only on "special occasions," while Duong, who did not own a vehicle in his name, had access to the keys whenever he needed to drive somewhere.  The evidence presented in Duong's criminal proceeding, including Duong's own admissions, established that Duong drove the Lexus to Massachusetts on a weekly basis to purchase and transport pounds of marijuana back to Connecticut for redistribution.  Therefore, apart from the title and registration of the Lexus being in Nguyen's name, all other indicia of ownership reflect that Duong was the true owner of the Lexus.

In light of the evidence in the record, Nguyen's contrary claim that he is actually the true owner of the Lexus is simply not credible, for several reasons.  First, although Nguyen claimed ignorance that Duong was driving the Lexus with regularity, the mileage that Duong put on the vehicle from his weekly trips from New London to Boston alone would have signified otherwise.  Duong admitted in his criminal proceeding that over a two-year period ending with his arrest he drove to Boston on average once per week buy marijuana, and he sometimes did so multiple times a week.  Using a conservative estimate of only one trip to Boston per week, Duong was putting nearly 900 miles on the Lexus every month during his drugs runs.  Therefore, over the sixteen week period from July 10, 2009

13

when he purchased the Lexus until October 30, 2009 when he was arrested, Duong put at least 3,584 miles on the vehicle. Based upon this evidence, it is inconceivable that Nguyen was unaware that Duong drove the Lexus a great deal. Further, Nguyen's assertion that Duong needed his "permission" to drive the Lexus rings hollow in light of the testimony from both Nguyen and his daughter that the keys to the Lexus were left on the fireplace so that others in the family, including Duong, could drive it when needed. Had the Lexus truly been an expensive anniversary gift given to Nguyen by his wife, one would not expect Nguyen to act so cavalierly as to leave the keys in a common area of the house for anyone to take.

Second, Nguyen's permissive attitude with respect to the Lexus was consistent with his conduct with regard to the black Lexus, which was also registered to him. The testimony presented at the hearing established that Duong regularly drove the black Lexus, and took the black Lexus for servicing when needed. In fact, Duong gave the keys to the black Lexus to Richard Rowell, a convicted drug dealer, and permitted Rowell to drive the car. Yet, Nguyen never attempted to intervene to get back what was purportedly his vehicle. Rowell allegedly gave Duong money to purchase the black Lexus which Duong in turn gave to Nguyen, but Rowell was unable to pay the balance and the $1,000 was returned to him. By that point, however, the car was inoperable, and it was ultimately sold to another individual after it was repaired. Nguyen's pattern of conduct with regard to the two vehicles belies his claim of an ownership interest in them.

Third, Nguyen lacked credibility as a general matter.  Nguyen was evasive on the witness stand.  On several occasions, he failed to directly answer a question asked to him by the prosecutor.  He claimed ignorance of Duong's drug dealing activities, yet Duong was involved in a relationship with his daughter, and in fact lived in the family home, for several years.  As established in Duong's criminal proceeding, Duong has a lengthy criminal history which includes convictions for drug possession with intent to sell.  Nguyen admitted that he was aware that Duong had previously been arrested for drug crimes.  Moreover, police found marijuana and cash in both Duong's bedroom and in common areas at 22 Lincoln Avenue.  Duong also had a security camera which monitored the front and back entrances of the residence.  Although no evidence was seized from the 20 Lincoln Avenue side of the duplex where Nguyen resided, the two units were basically converted into a single residence by creating an opening in the wall on the second floor of the duplex which allowed for free travel between the two sides.  Based upon the open and notorious nature of Duong's drug dealing activities within the family residence, Nguyen's assertion that he was completely unaware of such activities is not believable.

Elizabeth, who corroborated her father's claim that the vehicle was purchased for him as an anniversary gift, was even less credible than her father.  Elizabeth claimed that she was aware that Duong smoked marijuana, but that she did not know he sold marijuana.  This contention is particularly dubious considering that she lived with Duong for several years, and that during the October 2009 raid police discovered marijuana, paraphernalia associated with

drug dealing, and cash in the open throughout their residence, including in the bedroom. Furthermore, Elizabeth was in a vehicle with Duong when he was arrested for possession of marijuana in 2002 after he brandished a firearm at several men. In light of Elizabeth's unreliable testimony regarding her lack of knowledge of Duong's drug dealing, the Court does not credit her assertion that the Lexus was purchased as an anniversary gift for her father rather than for Duong to use to further his criminal activities.

Therefore, based upon the totality of the evidence presented at the hearing, the Court holds that Nguyen has not met his burden of proving by a preponderance of the evidence that he is the true owner of the Lexus. Rather, the more plausible inference to be drawn from the evidence is that Nguyen was a "mere straw owner" standing in the place of Duong. *U.S. v. Rogers*, No. 94-CR-138(FJS), 93-CV-156(FJS), 1996 WL 252659, at *5 (N.D.N.Y. May 8, 1996). The following reasoning of the district court in *Rogers* applies with equal force here:

> Griffin has failed to set forth sufficient credible evidence to establish that she had a legal interest in any portion of the Mercedes at any time. As stated, Griffin's holding of the title to the Mercedes was nothing more than a sham designed to protect the true owner, Rogers, in the event of a forfeiture.

*Id.* at *6.

Likewise, in this case Nguyen has not put forth sufficient credible evidence to establish that he had a legal interest in the Lexus at any time. Instead, the evidence suggests that Duong purchased the Lexus for himself using Vu's account and then had the title and registration placed in Nguyen's name in order to protect the vehicle from forfeiture in the event of his arrest. Accordingly,

16

Nguyen's Amended Petition is denied insofar as he claims a legal interest in the Lexus.

## B. $12,495.38 in Currency

Second, Nguyen claims that he is the owner of $12,495.38 of the funds seized by police from 22 Lincoln Avenue. Duong asserts in his Amended Petition that the $12,495.38 was partially funds from his wife's nail salon business and partially left for his daughter, Elizabeth Nguyen, while he was in Vietnam. *See* [Doc. #68]. He makes no claim to the balance of the Currency seized by police.

The $12,495.38 in Currency that Nguyen is claiming allegedly derived from two different sources. First, Nguyen asserted at the hearing that he left $5,000 with his daughter Elizabeth when he and his wife were traveling in Vietnam because he did not want to carry cash with him. According to Nguyen, Elizabeth sent him $1,200 out of the $5,000 via Western Union while he was in Vietnam, leaving her with $3,800 that she held onto pending their return. She claimed the $3,800 was among the funds seized by police during the raid in October 2009. Officer Laurie testified that he did in fact find $3,800 segregated from the remaining cash seized by police in Duong and Elizabeth's bedroom. However, apart from the testimony of himself and Elizabeth, Nguyen has offered no evidence to corroborate his claim that the $3,800 was money that Elizabeth was holding for him. For instance, there is no record of the supposed $1,200 Western Union cash wire that Elizabeth claimed she sent to Nguyen in Vietnam. Given the general untrustworthiness of both Nguyen and Elizabeth's testimony as explained above, the Court does not credit their uncorroborated claim that the

17

$3,800 was Nguyen's money that he had Elizabeth keep for him while he was in Vietnam.  Therefore, the Court holds that Nguyen has not established his legal interest in the $3,800 by a preponderance of the evidence.

      Elizabeth also testified at the hearing about the $8,695 that police discovered in a blue laundry bag in the bedroom she shared with Duong.  Elizabeth claimed that her sister threw the bag into their bedroom during the police raid in October 2009 because she thought the house was being robbed and hoped that Duong would be able to protect the money from being stolen.  However, the police photograph of the bedroom introduced by the Government shows that the blue laundry bag containing the cash was neatly folded and placed in front of a stand and next to another laundry bag that appears to contain laundry.  This placement is inconsistent with Elizabeth's claim that her sister threw the bag into the room in haste and confusion during the early morning hours after being awoken by what she believed to be burglars entering the house.  Moreover, even if the cash in the laundry bag did in fact belong to Elizabeth's sister, the sister has not asserted a claim to the money and did not testify at the hearing.  Instead, only Nguyen has asserted a legal interest in the Currency.  However, there is absolutely no evidence that the money in the bag belonged to Nguyen.  Nguyen testified at the hearing that it was common for him to leave large sums of cash in the house, but neither he nor Elizabeth testified specifically that the money in the blue laundry bag that was supposedly in the possession of Elizabeth's sister actually belonged to Nguyen.  Therefore, Nguyen has not established a legal interest in the $8,695 found in the blue laundry bag.

Accordingly, Nguyen's Amended Petition is denied as to his claim of a legal interest in $12,495.38 of the Currency seized from 22 Lincoln Avenue.

## IV.  CONCLUSION

For the reasons stated above, Nguyen's Amended Petition is DENIED in its entirety.  In accordance with 21 U.S.C. § 853(n)(7), the preliminary forfeiture order entered by the Court on February 8, 2011 will become final.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  June 10, 2011.